[No. 2992.]

## JAMES GILLESPIE *v.* THE STATE.

1. SUBSTITUTION OF LOST PAPERS IN CRIMINAL CASES—NOTICE.—If the trial court in criminal cases has any power to substitute lost papers, other than the indictment or information, that power is derived either from Article 1475 of the Revised Statutes, or the inherent authority of the court to supply its own records when lost or destroyed.   When supplied under the provisions of the statute, three days notice to the adverse party is expressly required; and when supplied under the inherent power of the court reasonable notice is required upon general principles.   See the opinion *in extenso* on the question.

2. SAME—CASE APPROVED—QUÆRE whether an indictment can be substituted before trial.   *Schultz* v. *The State*, 15 Texas Court of Appeals, 258, referred to on this question.

O1

Appeal from the County Court of Coleman.    Tried below before the Hon. W. O. Read, County Judg.

The conviction in this case was for gaming, and the penalty imposed was a fine of ten dollars.

The opinion sufficiently discloses the case.

No brief for the appellant has reached the Reporters.

.J. H. Burts, Assistant Attorney General, for the State.

Willson, Judge.  The indictment and other papers in this cause having been stolen or lost before the trial, the district attorney suggested the facts to the court in a written motion, and asked leave to substitute said papers.  This leave was granted, the substituted papers filed, and an order of the court was made and entered declaring the substitution.  There appears to have been no notice given the defendant of these proceedings.  He excepted to the substituted papers upon various grounds, and among others that he had no notice of the proceedings.  These exceptions were overruled.

Our Code of Criminal Procedure makes no provision for the substitution of any papers in a cause except the indictment or information, and in providing the mode of substituting these papers it does not expressly require that the defendant shall have notice of the proceeding.  (Code Crim. Proc., Art. 434.) It may well be questioned, however, whether the substitution without notice would be valid when excepted to.  We will not now determine this question, as it is not necessary to a disposition of this case, and as we have not had the opportunity of thoroughly considering it.

In this case other papers than the indictment were substituted, and these papers were essential to the case.  The substitution of these papers other than the indictment could only have been made under authority of Article 1475 of the Revised Statutes, or in the exercise of the inherent power of the court to supply its own records when lost or destroyed.  (Shultz v. The State, 15 Texas Ct. App., 258.)  If made under the article of the statute above cited, then three days notice of the proceeding to the adverse party or his attorney is expressly required.  If made in the exercise of the inherent power of the court, independently of any statutory provision, then, upon general principles, we

think reasonable notice of the proceeding to the defendant would be required.   We are of the opinion that the substitution of the papers other than the indictment was irregular and invalid for the want of notice thereof to the defendant; and for this error the judgment must be reversed and the cause remanded.

The questions raised as to the substitution of the indictment are of too grave a character to be hastily considered or decided. We have not had the time or the opportunity to examine those questions to the extent that would justify us in passing upon them at this time.   In the case of *Shultz* v. *The State, supra,* we suggested a doubt as to whether or not an indictment could be substituted at all *before* trial.   We still entertain that doubt. In this case we suggest to the attorney representing the State that he can avoid these questions very easily by having a new indictment preferred by the grand jury, or by presenting an information, the alleged offense being a misdemeanor and not yet barred by limitation.

*Reversed and remanded.*

Opinion delivered June 27, 1884.